UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SARATOGA EAST 421 LLC,

              Plaintiff,

  -against-

NATIONSTAR MORTGAGE LLC,

              Defendant.

----------------------------------------X

**Not for Publication**

**ORDER**

18-CV-3202 (KAM)(PK)

**MATSUMOTO, United States District Judge:**

      Plaintiff Saratoga East 421 LLC commenced this action on May 31, 2018, to quiet title to and unencumber a mortgaged property in Brooklyn, New York. (ECF No. 1, Complaint ("Compl.").) Summons issued as to defendant Nationstar Mortgage LLC on June 1, 2018. (ECF No. 5.)

      On September 6, 2018, Magistrate Judge Kuo ordered plaintiff to show cause as to why no affidavit of service had been filed and warned that failure to prosecute the matter would result in a recommendation that the matter be dismissed pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). (Docket Order dated September 6, 2018.) Judge Kuo ordered plaintiff to file proof of service upon defendant or otherwise show good cause why defendant was not timely served by September 13, 2018. (*Id.*)

On September 17, 2018, plaintiff had not yet responded to the order to show cause and Judge Kuo thus ordered plaintiff once again to show cause, this time by September 24, 2018, or risk having the matter recommended for dismissal pursuant to Rule 4(m). (Docket Order dated September 17, 2018.)

Plaintiff neither filed proof of service nor made any other response to Judge Kuo's orders by September 24, 2018. The following day, Judge Kuo issued a third order to show cause, this time granting plaintiff until October 2, 2018 to respond. (Docket Order dated September 25, 2018.) Once again, the court reminded plaintiff that failure to do so "w[ould] result in a recommendation that this matter be dismissed for failure to prosecute pursuant to [Rule 4(m)]." (*Id.*)

October 2, 2018 came and went without any proof of service or showing of good cause by plaintiff. Judge Kuo then issued a docket order titled "Final Order to Show Cause" and granted plaintiff until October 25, 2018 to file proof of service. (Docket Order dated October 2, 2018). Once more, the court reminded plaintiff that a failure to comply risked dismissal pursuant to Rule 4(m). (*Id.*)

After considering the diligent efforts of Judge Kuo to move this matter along efficiently, preserve judicial resources, and ensure proper service on defendant, this court issued an order to show cause on November 2, 2018. (Docket Order dated

November 2, 2018.)  The court ordered plaintiff "to show cause **by November 15, 2018** why this matter should not be dismissed pursuant to Rule 4(m) for failure to prosecute" by failing to serve the summons and complaint and pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to comply with court orders.  (*Id*.) (emphasis in original).

As of the date of this Order, plaintiff has failed to file proof of service upon defendant and failed to respond to any of the five orders to show cause.  Consequently, the court dismisses this case with prejudice pursuant to Rule 41(b).

Rule 41(b) authorizes dismissal of an action where a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* . . . ." (citation omitted)).

In determining whether to dismiss an action under Rule 41(b), district courts must consider: (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration;" (2) whether the "plaintiff was given notice that further delay would result in dismissal;" (3) whether further delay would likely prejudice the defendant; (4) the balance between "the need to alleviate court calendar congestion" and

3

"plaintiff's right to an opportunity for a day in court;" and (5) the "efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *accord LeSane*, 239 F.3d at 209 (citations omitted). These factors must be considered in light of the record of the entire case as a whole, and no one factor is dispositive. *Lewis*, 564 F.3d at 576 (citations omitted).

Here, the first factor weighs in favor of dismissal because plaintiff has apparently ignored five court orders and rendered itself unavailable for a period of at least three months.[1] *See Zappin v. Doyle*, No. 17-CV-8837(KPF), 2018 WL 2376502, at *6-7 (S.D.N.Y. Apr. 10, 2018) (finding first factor weighed in favor of dismissal where plaintiff requested leave to amend his complaint and in the subsequent two months failed to amend the complaint, despite opportunities to do so, and ignored at least six court orders during that period); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("[D]ismissal has been found appropriate for a delay as short as two months when a party has become completely inaccessible, as accessibility strongly suggests that plaintiff is not diligently pursuing [its] claim." (internal quotation

---

[1] Plaintiff has taken no apparent action since the summons issued on June 1, 2018. (ECF No. 5)

4

marks and citation omitted)). Additionally, each of the five orders plaintiff ignored clearly warned that further delay would result in dismissal. Consequently, the second factor also weighs in favor of dismissal.

Regarding the third factor, although defendant has not been served, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). While there is nothing in the record to indicate plaintiff's delay has increased the litigation costs for defendants or impaired their chances for success in this matter, there is also nothing in the record to rebut the presumption of prejudice. Accordingly, the third factor weighs in favor of dismissal, though only slightly.

As to the fourth factor, plaintiff has been ordered five times to show cause or file an affidavit of service yet has not responded or filed such affidavit. Given the nature of plaintiff's conduct and the resources the court has expended in tending to this action, and upon weighing "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," *Lewis*, 564 F.3d at 576 (citation omitted), the court concludes that the fourth factor weighs in favor of dismissal.

5

Turning to the fifth factor, in light of plaintiff's unresponsiveness and unavailability, the court cannot fashion a sanction less severe than dismissal given plaintiff's failure to comply with court orders.  Accordingly, all five factors weigh in favor of dismissal, and dismissal is appropriate.  *See Kammona v. Midsummer Inv., Ltd.*, 687 F. App'x 112, 114 (2d Cir. 2017) (concluding district court did not abuse its discretion in dismissing action under Rule 41(b) where district court gave adequate notice that plaintiff was required to serve defendants, gave two extensions of time to complete service, and warned plaintiff that failure to comply would result in dismissal); *Scott v. Duglis*, 146 F. App'x 544, 544-45 (2d Cir. 2005) (finding district court properly dismissed complaint for failure to effect service under Rule 4(m) when court gave lengthy extension of time for plaintiff to effect service, plaintiff missed his extended-deadline to serve by more than four months, and plaintiff failed to respond to the court's order to show cause).

In light of the foregoing, this action is dismissed

with prejudice.  The Clerk of Court is respectfully directed to enter judgment, and to close the case.

**SO ORDERED.**

Dated:   December 5, 2018
         Brooklyn, New York

/s/
**Kiyo A. Matsumoto**
**United States District Judge**
